UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WENDY W. MATURIN                                    CIVIL ACTION

VERSUS                                              NUMBER: 07-1932

MARLIN GUSMAN (CHIEF SHERIFF), ET AL.               SECTION: "J"(5)


**REPORT AND RECOMMENDATION**


This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Wendy W. Maturin, against defendants, Marlin Gusman, Criminal Sheriff for the Parish of Orleans, the Orleans Parish "Board of Commissioners", and the Louisiana Department of Corrections.

Plaintiff is an inmate of the Federal Detention Center in Houston, Texas, who was incarcerated at the Orleans Parish Prison when Hurricane Katrina made landfall on August 29, 2005. Plaintiff complains of the defendants' failure to evacuate her in advance of Katrina's landfall as well as the conditions that existed at Orleans Parish Prison in the wake of the storm until she was

transported to a different jail facility on September 6, 2005. Plaintiff seeks monetary damages.

Because 42 U.S.C. §1983 contains no statute of limitations, federal courts look to the most analogous state statute of limitations had the action been brought in state court. <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938 (1985). In Louisiana, delictual actions are subject to a prescriptive period of one year. LSA-C.C. Art. 3492; <u>Elzy v. Roberson</u>, 868 F.2d 793, 794 (5th Cir. 1989). The prescriptive period begins to run from the moment that the plaintiff knows or has reason to know of the injury that forms the basis of her complaint. <u>Helton v. Clements</u>, 832 F.2d 332, 334-35 (5th Cir. 1987).

By her own admission, the conditions that plaintiff endured as a result of Hurricane Katrina lasted until September 6, 2005. (Complt. at p. 3). At that point, the one-year prescriptive period for bringing a §1983 action began to run and had long since expired when plaintiff signed her complaint on March 20, 2007. Plaintiff's §1983 claim is clearly prescribed and should thus be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i). <u>Graves v. Hampton</u>, 1 F.3d 315, 319 (5th Cir. 1993).

<u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

2

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.   <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this __7th__ day of ____May____,
2007.

_____
                    UNITED STATES MAGISTRATE JUDGE